UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              Chapter 11

    Wanda Conti                              Case no. 15-40163

                  Debtor.
-----------------------------------------------------------x

## OBJECTION TO LIFT STAY MOTION

Wanda Conti, (the "Debtor"), as and for her objection to the motion ("Motion") made by As Arete LLC, (the "Florida Mortgagee") for order lifting the automatic stay against the Debtor's property at 21111 Bella Vista Circle, Boca Raton, Florida 33428 (the "Florida Property") respectfully represents as follows:

## BACKGROUND

1. On January 15, 2015, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

2. The Debtor is an 81 year old widow. She immigrated to this country many years ago from Italy. English is not her native language. She relies extensively on her daughter to assist her with her business dealings. The Debtor's daughter also acts as the Debtor's interpreter, and assists her in her filings in the Bankruptcy Court.

3. The Debtor owns six parcels of real property. One of them is her home in Queens and another is a home in Florida. The rest are investment properties.

4. The Debtor's husband died in 1999. He left her with little savings and no life insurance. At that time, she used every cent in savings and borrowed more to pay for

medical treatment and prescriptions not covered by his insurance. She was struggling and her children helped her. But she did not want to rely on their help.

5. In the early 2000's, the Debtor was approached by a realtor/mortgage broker who told her she could make money in real estate. She took his advice.

6. Starting with a home equity loan, she bought properties with minimum down payments. Although risky, the market was rising and she accumulated a relatively big real estate portfolio.

7. The Debtor's problems started in 2009 when she moved to Florida for her health. She hired a manager for the Properties. The managing agent stole the rental income, paid no bills, and hid the theft from the Debtor. By the time she discovered what was happening, the managing agent had fled.

8. Meanwhile, because of the economic meltdown, tenants defaulted and terminated leases, causing income to decline.

9. Then the Debtor contracted Lyme disease. She was hospitalized for several months with excruciating joint pain and fevers. Unfortunately, this appears to be a chronic condition from which she may never fully recover.

10. Sensing a chaotic situation, tenants have taken advantage. Rent collections are down. Turnover and vacancies are high.

11. For the last couple of years, the Debtor's daughter has been managing the properties and trying to negotiate workouts with the lenders. Most of the mortgage lenders are not entirely hostile but she lost one property to foreclosure – with no notice.

12. A second property was scheduled for foreclosure just before she filed her petition.

13. Since filing this case, the Debtor turned over management to a competent management firm. She retained BA Consultants to manage the Properties. With BA's help she will finally able to make progress stabilizing the properties.

14. Fortunately, the Debtor's brother has agreed to step up and help her bring the mortgages up to date so she can continue to own her real estate. The Debtor intends to file a plan soon that will reinstate the mortgages in arrears and refinance the foreclosure judgments on the Properties that have foreclosure judgments entered.

## OBJECTION

15. The Florida Mortgagee asserts a first mortgage claim against the Debtor's Florida condominium (the "Florida Property") based upon a June 7, 2007 thirty year note ("Note") and mortgage in the original principal amount of $736,000 (Exhibit A to the Motion).

16. Under Section 2 of the Note, interest runs at 7.125% subject to change in Section 4 of the Note.

17. Under Section 4 of the Note, the interest rate changed on July 2012 to an adjustable rate, adjusted every 6 months. The interest rate on each "change date" is the Wall Street Journal six month U.S. Dollar denominated LIBOR rate plus 2.250%. The current LIBOR rate is .4164%. The current interest rate is 2.6664%. That is about the average rate since July 2012.

18. The motion is misleading because the lift stay worksheet annexed as Exhibit C to the Motion asserts that the expired 7.125% rate still applies.

19. In addition, the Debtor recalls entering into a modification agreement that reduced principal to $660,000, but the Debtor has not yet located the documents.

20. The Debtor needs either the Florida Mortgagee's cooperation or discovery to determine how much is due in total and how much is due on an ongoing basis.

21. In the meantime, the Debtor offered to make interest only payments at the current 2.664% interest rate on the $735,739 principal amount asserted by the Florida Mortgagee. The Debtor hopes for a response before the return date.

22. When the Debtor has a better understanding of the amounts due on this and other her mortgages, she intends to reinstate the Florida Mortgage as part of a Chapter 11 plan.

23. On insurance, the Florida Property is insured (Exhibit A) and there was no reason for the Florida Mortgagee to purchase post-petition duplicate coverage.

24. The Motion is based upon the Debtor's failure to provide post-petition adequate protection.

25. There is a dispute over the amount due. The Debtor is prepared to pay adequate protection at the rate due – not the rate the Florida Mortgagee asserts.

26. The Debtor should be permitted to pay adequate protection at 2.6664% rather than 7.125% and the Motion should be denied.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion and grant such other, further and different relief as this Court may deem just and proper.

Dated:  New York, New York
         June 10, 2015

                                                BACKENROTH FRANKEL & KRINSKY, LLP
                                                Attorneys for the Debtor

                                        By:    s/Mark Frankel
                                                    800 Third Avenue
                                                    New York, New York  10022
                                                    (212) 593-1100

**EXHIBIT A**



**Property & Casualty Insurance Group**
2385 Executive Center Dr Ste 100
Boca Raton, FL 33431

**Your Quick Insurance Check**
✓ Verify the information listed in the Policy Declarations.
✓ Please call if you have any questions.
✓ Now you can pay your premium before your bill is issued - visit allstate.com or call 1-800-Allstate®.

Wanda Conti
21111 Bella Vista Cir
Boca Raton, FL 33428

**Enclosed is a copy of your current Allstate Indemnity Company Deluxe Homeowners Policy Declarations.**

Please read your Policy Declarations carefully, making sure the information shown is accurate and reflects the choices you've made. Then file it away for easy future reference.

**We're here to help you.**
Please make note of anything you have a question about or that you think might need updating and contact me at 561-997-7234

Or take advantage of the online services at *allstate.com*, where you can view your policy information and even make a payment by registering at the Allstate Customer Care Center. And for 24-hour-a-day, 7-day-a-week service and information, just call 1-800-ALLSTATE®

The Lerner Agency
Your Allstate Agent

MCD21-2    PROP *61000311304095300696*    000000903216252  070   080

NP100

# Allstate Indemnity Company

Policy Number:  9 03 216252 04/05    Your Agent:

## POLICY COVERAGES AND LIMITS OF LIABILITY

| COVERAGE AND APPLICABLE DEDUCTIBLES<br>(See Policy for Applicable Terms, Conditions and Exclusions) | LIMITS OF LIABILITY | |
|---|---|---|
| Dwelling Protection - with Building Structure Reimbursement Extended Limits<br>• $500   Other Peril Deductible Applies<br>• Deductible for Severe Hurricanes Applies* | $415,250 | |
| Other Structures Protection<br>• $500   Other Peril Deductible Applies<br>• Deductible for Severe Hurricanes Applies* | $31,525 | |
| Personal Property Protection - Reimbursement Provision<br>• $500   Other Peril Deductible Applies<br>• Deductible for Severe Hurricanes Applies* | $220,675 | |
| Additional Living Expense | Up To 12 Months | |
| Family Liability Protection | $300,000 | each occurrence |
| Guest Medical Protection | $5,000 | each person |
| Water Back-Up<br>• $250   Water Back-Up Deductible Applies | $5,000 | |
| Workers' Compensation and Employers' Liability Coverage for Residence Employees | Statutory/See Form | |

* **$15,762   ( 5%  of your Dwelling Protection limit) is your Deductible for Severe Hurricanes, which applies to the total of all losses under the coverages indicated above.**

**DISCOUNTS**    Your premium reflects the following discounts on applicable coverage(s):
Protective Device               5 %          55 and Retired                    10 %

## RATING INFORMATION
The dwelling is of Brick Construction