UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE:                                                              CASE NO.: 15-40163-cec

        Wanda Conti,                                           CHAPTER 13

                                         Debtor.           Judge: Carla E. Craig
------------------------------------------------------------------x

## **CONDITIONAL ORDER FOR ADEQUATE PROTECTION PAYMENTS**

**WHEREAS**, on or about January 15, 2015, Wanda Conti ("Debtor") filed for chapter 11 bankruptcy relief and several of the Debtor's secured creditors having demanded adequate protection payments pursuant to 11 U.S.C. §363, and

**WHEREAS**, on or about May 6, 2015, the office of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, as attorneys for Movant, AS Arete LLC c/o Gregory Funding, LLC, filed a Motion for Relief from stay for failure to tender adequate protection payments, with respect to the property commonly known as 21111 Bella Vista Circle, Boca Raton, Florida 33428, and the matter having come before the Court on July 1, 2015, it is

**ORDERED,** that the Debtor tender adequate protection payments to all secured creditors which have demanded same in accordance with the terms of the controlling contracts and/or loan agreements ("Loan Agreements"), and it is further,

**ORDERED,** that in the event that there should be an increase in the regular monthly payment for taxes, insurance, or as otherwise provided by the Loan Agreements, the regular monthly payment shall be increased accordingly, upon notice to the Debtor. Such increased payment shall then constitute the regular payment amount required under this Conditional Order and failure to pay same shall constitute a default thereunder; and it is further

**ORDERED,** that in the event the Debtor fails to comply with the terms set forth herein, the secured creditor may serve the Debtor, via certified mail and Debtor's attorney via regular mail, a 15 Day Notice of Default, except that absent further Order of the court in no event shall the Debtor be entitled to more than three (3) notices to cure over the life of the chapter 11 case; and it is further

**ORDERED**, that unless a motion is made objecting to the default notice, in the event the default is not timely cured, the secured creditor may file an affidavit of non-compliance and proposed order vacating the automatic stay, on 5 days notice to Debtor and Debtor's counsel, and upon the signing of said Order, the secured creditor, its successors and/or assigns, ~~shall~~ *may* have relief from the stay to pursue its rights under the Loan Agreements.

Consented to:

| | |
|---|---|
| Dated: Bay Shore, New York<br>August 12, 2015 | /s/ Karen Sheehan<br>Karen M Sheehan, Esq<br>Frenkel Lambert Weiss Weisman & Gordon, LLP<br>Attorneys for Secured Creditor<br>53 Gibson Street<br>Bay Shore, New York 11706<br>(631) 969-3100<br>Our File: 01-075738-B01 |

Consented to:

| | |
|---|---|
| Dated: New York, New York<br>August  , 2015 | /s/ Mark A. Frankel<br>Mark A. Frankel, Esq<br>Backenroth Frankel & Krinsky LLP<br>800 Third Avenue<br>11th Floor<br>New York, New York 10022<br>(212) 593-1100 |



**Dated: Brooklyn, New York**
**August 25, 2015**

**Carla E. Craig**
**United States Bankruptcy Judge**