```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NEW YORK


IN RE:                        .    Case No. 15-40163 (CEC)
                              .
                              .
WANDA CONTI,                  .    271-C Cadman Plaza East
                              .    Brooklyn, NY 11201-1800
                              .
         Debtor.              .    February 10, 2016
. . . . . . . . . . . . . . . .    2:55 p.m.
```

TRANSCRIPT OF HEARING PURSUANT TO BANKRUPTCY RULE 9006 WITH
RESPECT TO THE RELIEF REQUESTED BY IN THE MOTION (RE: RELATED
DOCUMENT(S) [86] MOTION TO WITHDRAW AS ATTORNEY) AND SCHEDULING
STATUS CONFERENCE FOR THE PURPOSE OF DETERMINING AN APPROPRIATE
       SCHEDULE FOR THE PROPER ADMINISTRATION OF THIS CASE

                 BEFORE HONORABLE CARLA E. CRAIG
             UNITED STATES BANKRUPTCY COURT CHIEF JUDGE

APPEARANCES:

For the Debtor:           Backenroth, Frankel & Krinsky, LLP
                          By:  MARK A. FRANKEL, ESQ.
                          489 Fifth Avenue
                          New York, NY 10017

For 28-05 34th            Kriss & Feuerstein, LLP
Debt, LLC:                By:  JASON LEIBOWITZ, ESQ.
                          360 Lexington Avenue, Suite 1200
                          New York, NY 10017

Audio Operator:           Juliet Lecky


Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
_____

                   **J&J COURT TRANSCRIBERS, INC.**
                       **268 Evergreen Avenue**
                    **Hamilton, New Jersey 08619**
                    **E-mail:  jjcourt@jjcourt.com**

                 **(609) 586-2311   Fax No.  609) 587-3599**

APPEARANCES (Cont'd):

```
For the U.S. Trustee:      Office of the United States Trustee
                           By:  NAZAR KHODOROVSKY, ESQ.
                           U.S. Federal Office Building
                           201 Varick Street, Suite 1006
                           New York, NY 10014

For America's Servicing    Shapiro, DiCaro & Barak, LLC
Company and Wells Fargo:   By:  MATTHEW W. SILVERMAN, ESQ.
                           One Huntington Quadrangle, Suite 3N05
                           Melville, NY 11747

For JV 48, LLC:            Berliner & Pilson
                           By:  RICHARD J. PILSON, ESQ.
                           40 Cuttermill Road, Suite 308
                           Great Neck, NY 11021

For Gregory Funding,       Frenkel, Lambert, Weiss, Weisman &
LLC:                        Gordon, LLP
                           By:  KAREN M. SHEEHAN, ESQ.
                           53 Gibson Street
                           Bay Shore, NY 11706
```

- - -

1            COURTROOM DEPUTY:  Calling 10, 11, Wanda Conti,
2   15-40163, and related to that will be Lormar Realty, Case
3   Number 15-41582 and that's 12 and 13 on the calendar.
4            MR. LEIBOWITZ:  Good afternoon, Judge, Jason
5   Leibowitz from Kriss & Feuerstein on behalf of the secured
6   creditor 28-05 34th Debt, LLC.
7            MR. KHODOROVSKY:  Nazar Khodorovsky for U.S. Trustee.
8            MR. FRANKEL:  Mark Frankel, Backenroth, Frankel &
9   Krinsky, attorneys for the debtor.
10           MR. SILVERMAN:  Matthew Silverman, Shapiro, DiCaro &
11  Barak on behalf of secured creditors, America's Servicing and
12  Wells Fargo Bank.
13           MR. PILSON:  And Richard Pilson on behalf of JV 48,
14  LLC.
15           MR. FRANKEL:  Your Honor, at the last conference
16  there was a motion on for my firm to withdraw.  I agreed to
17  stay in pending the debtor's retention of substitute counsel.
18  Unfortunately, the debtor did not retain substitute counsel
19  because the attorney that she consulted with was unable to get
20  up to speed fast enough to file an amended plan and disclosure
21  statement.  After that, I met with the debtor on Friday of last
22  week and was able to determine that Wanda Conti had been
23  informed about what was going on in her case and understood it
24  and wanted to move forward which was a great relief to me.
25  That was one of the main reasons that I was concerned and made

1  the motion to withdraw.

2  So I met with Wanda and she told me what -- she and
3  Lori told me what they wanted to do in terms of the amended
4  plan and disclosure statement. I was able to revise them on
5  Friday.

6  (Pause)

7  THE COURT: I'm going to have to just take a quick
8  break and I'll be right back.

9  MR. FRANKEL: Sure.

10  COURTROOM DEPUTY: All rise.

11  (Audio off)

12  THE COURT: Be seated, please.

13  COURTROOM DEPUTY: Ms. Sheehan, could you give your
14  appearance, please?

15  MS. SHEEHAN: Yes. Karen Sheehan, Frenkel, Lambert,
16  Weiss, Weisman & Gordon representing Gregory Funding.

17  MR. FRANKEL: Your Honor, Lori Conti is here today
18  for the hearing. As I was saying, Judge, this -- the debtor
19  was unable to retain substitute counsel because of the
20  shortness of time within which to file a disclosure statement.
21  I had agreed to stay in the case and I honored my obligations
22  and met with Lori Conti and Wanda Conti on Friday. Was able to
23  work with them to figure out what it is that they wanted to
24  accomplish and put it into the plan and to explain the
25  feasibility aspects of it. And the main feasibility aspects in

1  this case are at this point what appears to be 750,000 of cash
2  and a mortgage commitment to refinance the two commercial,
3  mixed commercial residential properties.  We have the original
4  letter of intent --
5              THE COURT:  So they're going to be refinanced and
6  sold to affiliates of Ms. Conti?
7              MR. FRANKEL:  Exactly.  And Wanda Conti understands
8  that and wants that to happen.  So we want to proceed with that
9  and proceed with the plan on reinstating Wanda's other
10 properties.  It turns out that the tax consequences of selling
11 the properties are such that there is not that much to be
12 gained that would make it worthwhile in her eyes to give up
13 those properties, particularly at her age, and to pay all that
14 tax when at some point it's going to be conveyed.  I didn't
15 discuss this with her, but, obviously, it's going to be
16 conveyed under a will at a stepped-up basis.
17             And so I thought it was a well considered decision
18 and amended the plan and disclosure statement on Friday, got it
19 filed within the Court's deadline and I have since heard from
20 my colleagues who normally would have had more of an
21 opportunity to work with me to make it -- to make the language
22 fit their expectations and so forth.  Unfortunately, we did not
23 have that luxury and today they've all been telling me, well,
24 if you change this and do this, well, it's okay.  And I'm
25 saying, yeah, we can probably do that.  And Mr. Khodorovsky

1 also mentioned that there was never a disclosure statement
2 hearing and that's a problem for the United States Trustee.
3            Also, last but not least, I don't have all the money
4 in my account.  My -- I have evidence from Ms. Conti that money
5 was wired, but nothing's hit and that was a condition to moving
6 forward.  So my suggestion, Judge, is that we put on a
7 disclosure statement hearing with notice on short notice so
8 that we can get this case on track for a quick confirmation.
9            THE COURT:  Sounds good.  So let me give you a date.
10 Mr. Khodorovsky, do you have something you want to say?
11            MR. KHODOROVSKY:  Your Honor, I'll be very quick.  I
12 just want to address status really quickly if Your Honor would
13 permit.
14            THE COURT:  Yes, go ahead.
15            MR. KHODOROVSKY:  Your Honor, neither of the debtors
16 have filed their December operating reports.  Just wanted to
17 make Your Honor aware of that.  And also in the corporate
18 debtor, I'm sorry, the individual debtor, the individual debtor
19 has not fully paid the quarterly fees for the fourth quarter of
20 2015.  Thank you, Your Honor.
21            MR. FRANKEL:  Your Honor, the Lormar operating report
22 I have and I assume I'm going to get the Wanda Conti operating
23 report shortly.  I just got the Lormar this afternoon.
24            THE COURT:  Okay.  So you do need to stay current on
25 your operating reports.  But I think that it's time to get this

1  case over the finish line and I think you're almost there.  So
2  let me give you a date for a disclosure statement hearing.
3  Could we give them March -- is March 2nd busy?  Or I could give
4  them March 13th.
5           March 9th wouldn't be --
6           COURTROOM DEPUTY:  The 9th or the 2nd?
7           THE COURT:  Hm?
8           COURTROOM DEPUTY:  The 9th or the 2nd?
9           THE COURT:  I don't know.  What's your preference,
10 March 9th or March 2nd?
11          MR. FRANKEL:  March 9th.  I am on vacation March 2nd.
12          THE COURT:  Okay.
13          MR. KHODOROVSKY:  March 9th as well would be
14 preferable to the U.S. Trustee, Your Honor.
15          THE COURT:  Okay. March 9th it is then.  So I don't
16 think I need to shorten time here with that.  You've got 28
17 days.  Well, maybe shorten it few days because you're going to
18 have to -- need a couple days to serve it.  So --
19          COURTROOM DEPUTY:  Two o'clock.
20          THE COURT:  At --
21          COURTROOM DEPUTY:  Two o'clock.
22          THE COURT:  At two o'clock.  So what you can do is
23 you could submit if you like an order setting a hearing for the
24 disclosure statement and shortening the time to whatever it
25 needs to be.  I mean, I assume that you'll spend a week getting

 1  comments from people.  And so if you can file it, serve it by
 2  next, by the 17th and that would give just a little under three
 3  weeks, one, two, three, three weeks, yes, should be fine.
 4          MR. FRANKEL:  Okay.
 5          THE COURT:  So that, I mean, that seems like -- is
 6  that -- that seems like the easiest way to handle it, right?
 7          MR. FRANKEL:  Well, what I was thinking was I would
 8  just send out a notice and then get comments and put in an
 9  amended disclosure -- a second amended disclosure statement in
10  time for the hearing because --
11          THE COURT:  Okay.  Well, that's fine with me, too.
12  However you want to handle that.
13          MR. FRANKEL:  Then I don't have to send an order down
14  and wait for it to come back.
15          THE COURT:  Okay.  That's fine.  You can just notice
16  a disclosure statement hearing.  Sounds good.
17          MR. FRANKEL:  Okay.  All right.  Thank you, very
18  much.
19          THE COURT:  Okay.
20          UNIDENTIFIED ATTORNEY:  Thank you, Your Honor.
21          MS. SHEEHAN:  Thank you, Your Honor.
22          THE COURT:  So would your -- excuse me, Mr. Frankel,
23  your motion to withdraw, marking it off for the moment?
24          MR. FRANKEL:  Your Honor, I would prefer to carry it.
25          THE COURT:  Want me to carry it?

1           MR. FRANKEL:  I want to see whether the money arrives
2  in my escrow account.
3           THE COURT:  Okay.
4           MR. FRANKEL:  Thank you.
5           THE COURT:  All right then.
6           UNIDENTIFIED ATTORNEY:  Thank you, Your Honor.
7           UNIDENTIFIED ATTORNEY:  Thank you, Judge.
8                             * * * * *
9                        **C E R T I F I C A T I O N**
10          I, KELLI R. PHILBURN, court approved transcriber,
11 certify that the foregoing is a correct transcript from the
12 official electronic sound recording of the proceedings in the
13 above-entitled matter, and to the best of my ability.
14
15
16 <u>/s/ Kelli R. Philburn</u>
17 KELLI R. PHILBURN
18 J&J COURT TRANSCRIBERS, INC.   DATE:   March 7, 2016
19
20
21
22
23
24
25