1

1         Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2               UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NEW YORK

3

4

5   WANDA CONTI,                  . Case No. 15-40163
                            . Case No. 15-41582

6   LORMAR REALTY LLC.        .
                            . Brooklyn, New York
                            . Wednesday, March 9, 2016

7   . . . . . . . . . . . . . . . . . . .

8             BEFORE THE HONORABLE JUDGE CARLA E. CRAIG
               UNITED STATES BANKRUPTCY JUDGE

9      {88} ORDERED, THAT PURSUANT TO BANKRUPTCY RULE 9006 A HEARING WITH
      RESPECT TO THE RELIEF REQUESTED BY IN THE MOTION (RE: RELATED

10             DOCUMENT(S) [86] MOTION TO WITHDRAW AS ATTORNEY)
    [96] NOTICE OF HEARING ON DISCLOSURE STATEMENT FILED BY MARK A.

11   FRANKEL ON BEHALF OF WANDA CONTI (RE: RELATED DOCUMENT{S}92 AMENDED
        DISCLOSURE STATEMENT FILED BY DEBTOR WANDA CONTI

12   [5] ORDER SCHEDULING STATUS CONFERENCE FOR THE PURPOSE OF DETERMINING
  AN APPROPRIATE SCHEDULE FOR THE PROPER ADMINISTRATION OF THIS CASE

13   [10]ORDER SCHEDULING STATUS CONFERENCE FOR THE PURPOSE OF DETERMINING
  AN APPROPRIATE SCHEDULE FOR THE PROPER ADMINISTRATION OF THIS CASE.

14   [47{ ORDER SCHEDULING HEARING WITH RESPECT TO THE RELIEF REQUESTED BY
   IN THE MOTION. OBJECTIONS TO BE FILED BY 1/18/2016 5:00 P.M.(RE:

15         RELATED DOCUMENT(S)[46]MOTION TO WITHDRAW AS ATTORNEY

16   APPEARANCES:

17   FOR TRUSTEE:                         BY: NAZAR KHODOROVSKY
                                        U.S. TRUSTEE

18                                           201 Varick, Suite 1006
                                        New York, New York

19   FOR THE DEBTOR:                   BACKENROTH FRANKEL & KRINSKY

20                                           BY:  MARK A. FRANKEL
                                        800 Third Avenue, 11th Floor

21                                           New York, New York 10022
**(Cont'd.)**

22   Transcription Service:       Associated Reporters Int'l., Inc.

23                                       P.O. Box 165
                                    Massena, New York 13662

24                                       (315) 769-6429
Proceedings recorded by electronic sound recording;

25   transcript produced by transcription service.

1            Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2   FOR JV 48 LLC:                          RICHARD PILSON
                                            48 Cuttermill Road
3                                           Great Neck, New York 11021

4   FOR 28-05 34TH DEBT LLC:           KRISS & FEUERSTEIN
                                            BY:  JASON LEIBOWITZ
5                                           360 Lexington Avenue
                                            Suite 1200
6                                           New York, New York 10017

    FOR THE BANK OF NEW YORK MELLON:        DAVIDSON FINK
7                                           BY:  BRADLEY JOEL FUNNYE
                                            28 East Main Street
8                                           Rochester, New York 14614

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2              CLERK:  Number 6, 7, 8 on the calendar, Wanda Conti,

3  Case 15-40163 and Case No. 9, 10 and 11 on the calendar, Lormar

4  Realty, Case 15-41582.

5              Can we have appearances, please?

6              MR. FUNNYE:  On behalf of secured creditor

7  (unintelligible) Mellon in opposition to confirmation.

8              THE COURT:  Well, we are on --.

9              MR. FRANKEL:  Your Honor, can I go back?  Backenroth

10 Frankel and Krinsky, attorneys for the debtor.

11             MR. SILVERMAN:  Matthew Silverman, Shapiro DiCaro and

12 Barak on behalf of secured creditor, (unintelligible) Servicing and

13 Wells Fargo Bank.

14             MR. KHODOROVSKY:  Nazar Khodorovsky for the U.S.

15 Trustee.

16             MR. PILSON:  For Lennar and Pilson by Richard Pilson for

17 our creditor JV 48 LLC.

18             MR. LEIBOWITZ:  Good afternoon, Judge.  Jason Leibowitz

19 from Kriss and Feuerstein on behalf of secured creditor 28-05 34th

20 DEBT LLC.

21             THE COURT:  And so, Mr. Frankel, has Mr. Green arrived?

22             MR. FRANKEL:  In large part, enough to proceed, I think.

23 I sent a letter to the Court yesterday indicating that there was now

24 in excess of four hundred and twenty thousand dollars in my escrow

25 account.  And that there's two hundred and fifty thousand dollars in

1      Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2    the DIP accounts.  And that gets us pretty close to the amount that

3    will be needed to confirm and I -- I -- I have every confidence since

4    that much money has arrived that the rest of the money will arrive in

5    time to pay claims under the plan.

6           On that basis, we're prepared to go forward and push to

7    the confirmation hearing and -- and get everybody paid.

8           THE COURT:  Okay.  So are there any problems with the

9    Disclosure Statement at this point?

10          MR. FRANKEL:  In my opinion, the remaining problems are

11   confirmation issues.  I -- I've made a couple of minor revisions and

12   there may be a couple more to be made, but the issues that I -- as I

13   understand  it that exist are Number One) with -- on the Lormar case

14   the debtor is reserving its rights to try to go back to state court to

15   get the twenty-four percent interest rate down to nine percent or --

16   or something along those lines.  And that is -- and -- and counsel for

17   Lormar believes that that would contradict getting paid under the plan

18   and -- and would leave them exposed, and that's an issue that I think

19   should be reserved for confirmation.  I don't know the answer to the

20   question.

21          THE COURT:  Well, are they impaired -- you're not -- are

22   you trying to treat them as unimpaired?

23          MR. FRANKEL:  Yes, they will be paid in full, but on --

24   on what's allowed and if there is a dispute then the debtor is not

25   giving up its rights to go forward with that dispute.  It can't be --

1      Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2  I mean, it probably can't be in this court because it's already a -- a

3  state court judgment.

4          But if rights exist, the debtor is not giving up those

5  rights.  If they don't exist, then the -- the state court or -- or

6  this court will  -- will tell the debtor they don't exist.

7          THE COURT:  This is -- this is a question about whether

8  post- judgment interest would be at -- at a default rate or at the --

9  at the contract rate or the -- I mean, the judgment rate.

10         MR. FRANKEL:  This is -- by the way, this is a

11  litigation that has not yet been fully vetted.  And I -- I don't know

12  exactly what the arguments are going to be, but I think that is going

13  to be prominent among them when counsel is retained to do that.

14         THE COURT:  Okay.  So why would you want to -- why do

15  you want to do that in state court?

16         MR. FRANKEL:  Well, it may be in this court, it may be

17  in state court.  It -- it's a state court judgment.  I don't know that

18  this court has the jurisdiction over it, but, again, that will be

19  something that --.

20         THE COURT:  It's part of the claims allowance process,

21  isn't it?

22         MR. FRANKEL:  It -- it -- it -- it -- it may very well

23  be and if it is, the plan provides to escrow for everything.

24         THE COURT:  Yeah.  Yeah, so what's the problem?

25

1    Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2         MR. LEIBOWITZ:  The problem is that until three minutes

3    ago, I did not have any idea what the reservation of rights was that

4    the debtor put in the amended plan.  It doesn't disclose that the

5    issue is about interest.  It doesn't say anything, and regardless of

6    how many times I was inquiring about what this litigation was, it --

7    there was no disclosure about it.  So what -- what the secure creditor

8    indicated in his objection to the approval of the Disclosure Statement

9    is that -- is that we've obtained a judgment of foreclosure and sale,

10   which happened in 2015.  There was no appeal by the debtor on account

11   of this judgment of foreclosure and sale.  The time to appeal has

12   elapsed.  The debtor's suggesting that one) it should be in a position

13   to pay us a hundred percent of our claim, yet go back and litigate

14   with us and if that happens, well then our -- the amount of our claim

15   isn't what they're paying because we have the -- they -- they've being

16   litigating with us for years.  They want to continue to litigate with

17   us in state court, not here.  And then they want to be able to say

18   well we're going to reserve, at least Mr. Frankel was telling me today

19   that they want to have the ability to reserve an additional amount to

20   cover the cost of litigation because that could increase amounts owed

21   to the secured creditor.

22         THE COURT:  Why shouldn't they be -- I mean, this --

23   this is no different as far as I can see than saying I'm going to pay

24   your claim, but I -- but we're going to litigate, you know, post

25

Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

1 confirmation, the claim amount. And as long as you reserve the full

2 amount that's -- that's sought, I don't see a problem with that.

3 MR. LEIBOWITZ: Because the amount grows, Judge. Let's

4 say we're owed ten dollars today and then they litigate with us for

5 the next five years like the last time --.

6 THE COURT: So I guess that would go to the amount that

7 would have to be reserved.

8 MR. LEIBOWITZ: Exactly. So unless I -- I'm not sure

9 why it makes more sense to go back to the state court or why or how

10 the debtor could figure out how much it's going to cost to put it in

11 reserve to continue to litigate us.

12 THE COURT: I will -- I'm -- I -- I think that I can

13 decide what's a reasonable amount to put in reserve.

14 MR. LEIBOWITZ: Okay.

15 THE COURT: I -- this doesn't seem to me to be an

16 insuperable obstacle to confirming a plan. The fact that they want to

17 preserve -- this happens all the time that -- that -- that claims --

18 the claims allowance process -- not usually secured claims, but the

19 claims allowance process happens after the plan's been confirmed.

20 MR. LEIBOWITZ: Okay. Well, then -- then we --.

21 THE COURT: Doesn't it?

22 MR. LEIBOWITZ: It does.

23 THE COURT: Okay. So what's the big problem?

Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

1

2      MR. LEIBOWITZ:  Well, the -- the big problem was -- was

3  one) that there's no amount that we were aware of that the debtor's

4  intending on reserving.  Two) --

5      THE COURT:  Is that -- is that not in the disclosure --

6      MR. LEIBOWITZ:  It's not.

7      THE COURT:  -- referenced in the disclosure statement

8  anywhere?

9      MR. FRANKEL:  No, Your Honor.  We put in what the proof

10  of claim was.  If the lender will tell us what -- we will figure it

11  out.  That's a confirmation issue.

12      THE COURT:  Okay.

13      MR. LEIBOWITZ:  The -- the other issues are that the

14  debtor is seeking a release from us that we -- I mean, if we're going

15  to continue to have to -- if -- if the debtor is going to keep

16  litigating with us and --.

17      THE COURT:  Wait.  So there's a release where -- you

18  mean -- you mean -- you mean the plan -- the discharge that arises

19  under *1141, is that what you're talking about?

20      MR. LEIBOWITZ:  Yes.  The debtor is saying that they --

21  they are -- should be entitled to a release.

22      THE COURT:  Well, they would be entitled to a release.

23  They would still have to pay you whatever you're owed.

24      MR. LEIBOWITZ:  After we're paid then --

25      THE COURT:  Yeah.

1        Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2              MR. LEIBOWITZ:  -- then it should be a non-issue.

3              THE COURT:  Right.  But the way it would -- could --

4    would work is the release would, I think be -- is the release

5    effective upon confirmation or consummation?  But either way --

6              MR. LEIBOWITZ:  It looks like --

7              THE COURT:  -- you're entitled to be paid whatever the

8    plan provides.

9              MR. LEIBOWITZ:  Right.  And so what -- what -- where

10   that becomes problematic is if -- if the debtor reserves an adequate

11   sum to cover the additional cost of litigating, then it becomes a non-

12   issue.  But -- but there was no disclosure as to that.

13             THE COURT:  Okay.  So this is then -- it becomes a

14   confirmation issue; correct?  This is a confirmation issue?

15             MR. LEIBOWITZ:  Conceivably, yes, Judge.

16             THE COURT:  Own -- but I don't see it as a disclosure

17   issue.

18             MR. LEIBOWITZ:  Well, it -- it -- it was before today

19   because I had no idea or knowledge of what the debtor is trying to

20   litigate with us over.  The disclosure statement had -- it just added

21   one line that said, and the debtor reserve its rights to continue to

22   litigate with us.

23             Well, okay, I think we're entitled to at least have an

24   idea of what this litigation is about, which we only learned a -- a

25   few minutes ago.

1        Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2        THE COURT:  So are you going to amend the disclosure

3  statement to flesh that out?

4        MR. FRANKEL:  Well, Judge, I normally don't flesh out

5  objections to claims in the disclosure statement.

6        THE COURT:  I don't know why you would need to,

7  honestly.  Unless the -- unless other parties needed disclosure.

8        MR. FRANKEL:  Yeah, but then I -- if I do it for one, I

9  have to do it for everybody and quite frankly we don't know the claims

10  analysis has not been completed.  We don't know -- we can't bind

11  ourselves to -- to anything until -- until that time.

12        THE COURT:  So yeah, so -- so I guess confirmation is

13  going to depend on whether you -- making sure that you have enough

14  money to cover all the claims as filed.  Okay.  All right.  To the

15  extent you have any -- do you have any other thing you want to bring

16  up in terms of the disclosure statement?

17        MR. LEIBOWITZ:  Well, the -- the other issues that we

18  had raised are that there was -- there was some questions as to how

19  the transaction would occur because there was some questions that were

20  presented by way the term sheet, which had expired with respect -- so

21  the -- the debtor presented a term sheet.  I -- Mr. Frankel had sent

22  me something yesterday.  I -- I haven't had a chance to review it.

23        THE COURT:  Aren't you just curing and reinstating?

24

25

1        Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2              MR. FRANKEL:  Not on the loans to -- on this one getting

3   paid off from a refinance -- not a refinance -- a sale to the debtor's

4   daughter.

5              THE COURT:  So they're getting paid, but they're getting

6   paid the full amount of their claim; correct?

7              MR. FRANKEL:  Yes.  Based upon a refinancing in the

8   disclosure statement pointed out which is true that the commitment

9   letter only went until the end of January.  The debtor -- Ms. Conti

10  brought with her today a letter from the lender agreeing to go, I

11  believe, until the end of April for another five-thousand-dollar

12  commitment fee.  And once that's paid, we'll have the full -- the --

13  the letter says we will get full documentation.  And at that point, we

14  can be a little more specific about the terms of the loan.  But at

15  this point, we've put in the disclosure statement everything we have.

16             THE COURT:  Okay.  Is there anything else that you want

17  to bring up?

18             MR. LEIBOWITZ:  I think that's the main points, Judge.

19             THE COURT:  Okay.  I'm not seeing any disclosure issues

20  here.

21             MR. LEIBOWITZ:  That -- that -- that was the issue we

22  had.  If -- a lot of the questions were answered today.

23             THE COURT:  Okay.  So I'm respectfully overruling your

24  objections to the disclosure statement.  Anything else?

25             Anybody else have anything?

1    Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2    MR. LEIBOWITZ:  There was one other objection that we

3  filed in connection with the Conti bankruptcy, which was that although

4  Ms. Conti guaranteed our loan, the plan -- the disclosure statement,

5  rather, didn't disclose that -- I think it only disclosed about ten

6  thousand dollars' worth of unsecured debt.  Ms. Conti is also

7  obligated on account of our obligation --.

8    THE COURT:  Except that she -- you're going to be paid

9  under the -- aren't the -- aren't these being confirmed together?  Are

10  these being confirmed in some kind of joint way?

11    MR. FRANKEL:  Yes, Judge.  And I know Mr. Leibowitz has

12  been running around doing all kinds of things and hasn't had a chance

13  to review the revisions that I sent to the Court yesterday.  But what

14  I put in there to try to resolve this was that in the unsecured

15  creditor's section I added a sentence that says, 28-05 *34th Debt LLC,

16  asserts a claim against a debtor arising from a guarantee of its

17  secured claim, the 28-05 claim against Lormar Realty, LLC.  Lormar

18  Realty is an affiliated debtor and I put in the case number.  Lormar's

19  Chapter 11 plan is being heard contemporaneously with the debtor's

20  plan.  Pursuant -- payment of the 28-05 claim under the Lormar plan

21  will cover the 28-05 claim in this case.  Conversely, nonpayment of

22  the 28-05 claim under the Lormar plan will entitle 28-05 to assert its

23  guaranteed claim in this case.

24    MR. LEIBOWITZ:  Okay.

25    THE COURT:  Okay.  All right.  So is that it, then?

Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

1

2          MR. LEIBOWITZ:  I think so, Judge.

3          THE COURT:  Okay.  Thank you.  Anybody else have

4  anything?

5          MR. PILSON:  I'd just like to reiterate what my counsel

6  -- what my co-counsel -- not my co-counsel -- my colleague said about

7  the mortgage that he's holding clearly is almost the same identical

8  situation with the one that my client has.  And I don't want to repeat

9  his arguments, but we have the same ones.

10          THE COURT:  It's -- this -- so your claim's being paid

11  off in full, but -- and you need -- escrow needs --

12          MR. PILSON:  We -- our judgment, your Honor, calls for

13  interest at the -- the rate set forth in the mortgage documents which

14  is the default rate of interest of twenty-four percent and in his

15  disclosure -- in his disclosure plan he underscored the amount that we

16  feel is due by about three-hundred-something-thousand dollars by --

17  now he just said approximate, so he didn't, like, lock himself into

18  that -- to that amount, but we have a claim for -- as per our notice

19  of claim for considerably more than that.

20          THE COURT:  Okay.  You're trying to treat them as

21  unimpaired?

22          MR. FRANKEL:  Judge, the plan provides for payment in

23  full.  I used the number for their claim from the proof of claim.  I

24  did not update it to include the post-petition spread between contract

25  rate and default rate.  I've asked -- and -- and I'm sure I'll get it

1        Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2    shortly -- for an updated payoff number.  They have to be paid in

3    full.  It will be paid in full with the same reservation of rights to

4    object to the claim and -- just as we've discussed with the other one.

5        THE COURT:  All right.  Okay.  So you're saying -- I

6    see.  And this -- this may be true to the other judgment too that it -

7    - the judgment itself provides for post-judgment interest at twenty --

8    at the higher rate, not at the judgment rate?

9        MR. FRANKEL:  Yeah, it's a little more difficult with

10   the -- this one because this one you have to look it up in the note

11   and mortgage and -- and it does appear that there is a -- a post-

12   judgment rate in the note which would -- which could apply.  I don't

13   know exactly whether there's a -- a basis, you know, how strong a

14   basis there is to object to that.  Again, that'll probably be done by

15   separate counsel.

16       THE COURT:  Okay.  It would show up to escrow for that?

17       MR. FRANKEL:  Yes, and -- and -- and the debtor's

18   consulting with the state court foreclosure counsel, I believe, on --

19   on prosecuting any such --

20       THE COURT:  Okay.

21       MR. FRANKEL:  -- objection.

22       THE COURT:  Okay.

23       MR. PILSON:  Again, like -- like my colleague said, our

24   judgment was entered in 2013 and through various machinations they

25   were able to keep it from going to foreclosure sale.  We had --

1       Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2  finally had a date.  It was the day -- right -- the same day they

3  filed the bankruptcy, which stopped the -- which stopped the sale.

4           And our -- you know, our note provides -- does provide

5  for the twenty-four percent, and we expect to get it.  But he -- when

6  he put forth his disclosure plan, I did not see the amendment one --

7  amended one.  He put in a figure of a hundred -- of one million one

8  fifteen.  Our notice of claim was already over a million three at the

9  time we filed in May of 2015.  And since then the interest has been

10 running at a per diem of I think four forty-six ninety-nine per day

11 minus whatever adequate protection payment she may have made.  I --

12 I'm -- I'm guessing it's probably between thirty-five to forty

13 thousand dollars, somewhere in that range.

14          THE COURT:  Okay.  So in order to confirm this plan,

15 you're going to have to have the money available to satisfy the claim.

16          MR. FRANKEL:  Yes, and the treatment of the -- of their

17 claim says payment in full, in cash, with interest as provided in the

18 judgment.

19          THE COURT:  Okay.  So what I expect to see at

20 confirmation is an itemized list of what it is you're paying and proof

21 of -- that you have all that money.

22          MR. FRANKEL:  Yes, that would be part of the

23 confirmation affidavit.

24          THE COURT:  Right.  Okay.  So the -- the parties here

25 can see how much you're planning on paying them.

1            Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2                MR. FRANKEL:  Yes, and I've asked for payoff letters so

3    that I can send them to the C.P.A. --

4                THE COURT:  Okay.

5                MR. FRANKEL:  -- and make sure that we're all on the

6    same page about what the ostensible amount is, the real amount, the

7    objection amount, every -- everything.

8                THE COURT:  Okay.  Anything else on this?

9                MR. FRANKEL:  There was an objection to confirmation

10   filed which, you know, from a lender who, again, is -- is going to be

11   reinstated and we'll deal with whatever -- I couldn't really figure

12   out exactly what the objection was, but it's going to be a

13   reinstatement and we'll figure out the amount if it's not agreed upon.

14               THE COURT:  Okay.

15               MR. FUNNYE:  Your Honor, just speaking to that.  It was

16   -- the current principal balance of $474,595.30, and as per the plan

17   it was stated, I believe, unless it's amended subsequent to that, that

18   we were to be -- supposed to be paid as they came due and we haven't

19   received any payment since, I believe -- I'm going back to when the

20   claim was filed, January 15th, 2015, so.

21               THE COURT:  Okay.

22               MR. FUNNYE:  They say it's coming, check is in the mail,

23   so  -- but at this juncture --.

24               THE COURT:  But -- so whatever you're owed is -- is --

25   in that interim period is being added to the amount of the claim.

1       Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2          MR. FUNNYE:  It's accruing, yes.

3          THE COURT:  And so it will have to be paid at

4  confirmation to -- in order to reinstate; right?

5          MR. FUNNYE:  We would hope, but I'm just saying at this

6  juncture -- we're just stating -- this is why we're objecting.

7          THE COURT:  Okay.  This is why, especially given the

8  difficulties that have existed in -- in making sure that we have the

9  added -- the -- the funding, I'm going to be -- like I -- like I said,

10  I'm going to want to see for each claim exactly how much you're going

11  to pay and proof that you've got it.

12          MR. FRANKEL:  I do that in every confirmation, your

13  Honor.

14          THE COURT:  And if -- and if you don't -- if you don't

15  have that, I'm not confirming the plan and I'm not going to just defer

16  -- I will deny -- denying confirmation and this case can be converted,

17  dismissed, whatever.

18          But we're not -- we're not stringing this out anymore,

19  Ms. Conti, you should realize that.  So you -- you got to have the

20  money available at confirmation.  Okay.  Is there anything else?  That

21  seems to be the -- the sum and substance of the concerns here, but --

22  of the -- of the lenders, really --

23          MR. FRANKEL:  Yes.

24          THE COURT:  -- is to make sure the money's available.

25          MR. FRANKEL:  Exactly.

Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

1

2        THE COURT:  Okay.  Anything else?

3        MR. KHODOROVSKY:  Your Honor, just briefly on status.

4  The debtor owes -- the individual debtor, Ms. Conti, owes quarterly

5  fees for a portion of the fourth quarter 2015.  That's -- that's all I

6  wanted to say on that.  Thank you.

7        THE COURT:  Okay.  Yes?

8        MR. LEIBOWITZ:  I -- I guess two -- two final points,

9  Judge.

10        One is that we -- we seem to have some -- some payment

11  issues with respect to the conditional order that was entered, but

12  we're trying to work it out so Mr. Frankel has provided me with two

13  payments today.

14        THE COURT:  So you're not getting payment on your

15  conditional orders?

16        MR. FRANKEL:  Correct, Judge.  We -- we -- we've

17  provided Mr. Frankel's office with notice that we were due for the

18  February and March payment.

19        THE COURT:  This does -- this does not bode well.

20        MR. FRANKEL:  Your Honor, I -- I -- I dispute -- the

21  debtor, Ms. Conti, is here.  She disputes that she sent -- says that

22  checks were hand delivered to Kriss and Feuerstein and were never

23  cashed, so we have issued new checks and we're going to stop payment

24  on the old ones.  And in the future -- and we will produce, if we can,

25

1      Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2   she says that they were signed for when they were delivered and we'll

3   work it out with Mr. Leibowitz.

4            But there has been an effort made to pay -- and I think

5   there  must be a mix up of some sort, but we're going to locate the --

6   the signed receipts and -- and pay anyway.  Pay double if it's -- not

7   pay double, but stop payment on the ones that weren't cashed.  There

8   are checks that were issued that I -- I think there's a note that I

9   got from the managing agent that they issued checks and they weren't

10  cashed, so -- so if it's a mix up, fine, but it's -- it does not

11  appear to be a situation of -- of defaulting under the stipulation.

12            MR. LEIBOWITZ:  We -- we look forward to getting to the

13  bottom of that then.

14            THE COURT:  Okay.  All right.

15            MR. LEIBOWITZ:  And then -- I -- I guess the final point

16  would be just we -- we look forward to setting a date for

17  confirmation.

18            THE COURT:  Are we doing April 20 for confirmation?

19  Does that work?

20            MR. FRANKEL:  Your Honor, I need a -- an interim date.

21  There were some relatively -- there's some credit card claims and

22  another claim that --.

23            THE COURT:  For claims objections?

24            MR. FRANKEL:  Yeah.

25

| | |
|---|---|
| 1 | Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016 |
| 2 | THE COURT:  A date -- an interim date for claim |
| 3 | objections? |
| 4 | MR. FRANKEL:  Yeah, and then -- and then the |
| 5 | confirmation after that. |
| 6 | THE COURT:  Okay.  So I'll give you April 20 for the |
| 7 | claims objections. |
| 8 | MR. LEIBOWITZ:  April 20th at what time, your Honor? |
| 9 | THE COURT:  Correct.  Is that okay.  Just one sec -- one |
| 10 | second.  One second. |
| 11 | Is that -- is that correct?  I've got that right?  Okay. |
| 12 | All right.  April 20th at two thirty.  So -- and I'll give you another |
| 13 | date for confirmation. |
| 14 | THE CLERK:  May 9th. |
| 15 | THE COURT:  It's going to have to be -- I think the 18th |
| 16 | and the 25th are no good, so it has to be the 11th of May or the --. |
| 17 | THE CLERK:  Fifth of May. |
| 18 | THE COURT:  May 11th.  Okay, May 11th for confirmation. |
| 19 | THE CLERK:  At two |
| 20 | THE COURT:  At two o'clock. |
| 21 | MR. LEIBOWITZ:  Your Honor, could I respectfully request |
| 22 | that the status conference be carried to the April 20th day? |
| 23 | THE COURT:  Of course. |
| 24 | MR. LEIBOWITZ:  Thank you, your Honor. |
| 25 | |

Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

1

2          THE COURT:  So submit your disclosure statement approval

3  orders, if you would.

4          MR. FRANKEL:  Yes.

5          THE COURT:  Okay.  Thank you.  Yeah, shall we carry your

6  withdrawal motion?

7          MR. FRANKEL:  Yes, please.

8          THE COURT:  Okay.  So that'll be marked over to the 20th

9  of April.

10         MR. FRANKEL:  Thank you, your Honor.

11         MR. LEIBOWITZ:  Judge, Mr. Khodorovsky just raised an

12 interesting question that would -- would probably be good to address

13 now.

14         The motion to withdraw is -- is being carried then?

15         THE COURT:  Correct.

16         MR. LEIBOWITZ:  Okay.

17         MR. KHODOROVSKY:  Thank you.  To the -- to the 20th

18 date?

19         THE COURT:  Correct.

20         MR. KHODOROVSKY:  Thank you, Your Honor.

21         THE COURT:  I assume that what we're going to do is

22 continue to carry it until plan's confirmed and it becomes moot.

23         MR. LEIBOWITZ:  Thank you, your Honor.

24         MR. KHODORVSKY:  Thank you, Judge.

25         MR. LEIBOWITZ:  Okay.

1          Wanda Conti - Lomar Realty - 15-40163 15-41582 - 3-9-2016

2               THE COURT:  Unless Mr. Frankel wants me to mark it off

3    at any point in time, but I will -- I leave that to him to make that

4    determination.

5               MR. FRANKEL:  Okay.

6               THE COURT:  Okay.

7               MR. LEIBOWITZ:  Thank you, Your Honor.

8                              CERTIFICATE

9          I certify that the foregoing is a correct transcript from

10   the electronic sound recording of the proceedings in the above-

11   entitled matter.

12

13

14

15   _____

16   Judith Spriggs                        31 March, 2016
     Transcriptionist                      Date

17

18

19

20

21

22

23

24

25